SKILLERN *v.* ARKANSAS WOOLEN MILLS.

Opinion delivered December 2, 1905.

1. LESSOR—LIABILITY FOR LESSEE'S INDEBTEDNESS.—Where a mill corporation leased its mill to certain persons, who took possession of the mill and operated it in the name of the lessor for their own account and for their personal benefit, negotiable paper issued by them in the lessor's name, without its authority, will not bind it, if the holder had notice of the facts as they occurred. · (Page 173.)

2. BANK—KNOWLEDGE OF CASHIER.—A bank is bound by the knowledge of its cashier or managing officer.  (Page 174.)

Appeal from Howard Chancery Court; JAMES D. SHAVER, Chancellor; affirmed.

*D. B. Sain,* for appellant.

1.   Defendant as a corporation had power, if acting within its legitimate purpose, to make promissory notes, to draw and accept bills of exchange and to indorse bills and notes in payment or as security.    81 Fed. Rep. 45; 104 U. S. 192; 67 Ala. 253; 95 Ill. 215; 85 Ind. 244; 43 Md. 466; 58 Miss. 301; 41 N. J. Eq. 531. Its charter need not expressly confer such power.    10 N. Y. 456; 15 N. Y. 66.    It is not limited to any particular kind of corporation.    24 Ill. 108; 6 Hump. (Tenn.) 515; 104 Mo. 531; 50 Iowa, 26; 46 Ala. 98.

2. Although, in the absence of express authority conferred by charter or by the board of directors, the president and secretary of a corporation cannot bind it by their signature to commercial paper, as a rule, yet it is liable if it has received and accepted benefits from such act. Authority may be implied, if the board has cognizance of a custom so to sign notes. 67 Ark. 542.

*Feazel & Bishop* and *Thos. C. McRae*, for appellee.

1. Corporations must act through a board of directors. Kirby's Digest, § 841, *et seq.* The president and secretary have no inherent power to execute notes in the name of the corporation, and their authority so to do will not be presumed from the fact that they have exercised it. 62 Ark. 33.

2. The bank was bound by the acts and knowledge of its cashier, who was one of the lessees of the mill. 80 N. Y. 162; 12 Am. Dig. § 1761 A; 36 Conn. 93; 161 Pa. St. 157; 12 Am. Dig. § 1761 D.

BATTLE, J.   J. H. Skillern, as receiver of the assets of the Howard County Bank, an insolvent bank, brought an action against the Arkansas Woolen Mills, a corporation organized under the laws of this State, to recover the amount due on four promissory notes purporting to be executed by the defendant, and the sum of $908.25 paid on checks, purporting to be drawn by the defendant on the bank. The defendant answered, and denied that it executed the notes, and that it was indebted to the bank on any note or for money advanced to it on checks in any sum whatever. The defendant recovered judgment.

The defendant owned a mill, and in May, 1901, leased the entire "plant" to D. P. Terry, who was the cashier and managing officer of the bank, James J. Gebhart, and Ike Lowenberg, for the remainder of the year 1901. The lessees took possession of the mill, and operated it in the name of the lessor for their own account, and for their personal benefit. They kept an account with the bank in the name of the lessor, and transacted their business in its name. They overdrew the amount to their credit, and at the instance of Terry, one of the lessees and the cashier of the bank, and without authority of the defendant, executed the notes sued on for the balance due the bank at different times.

The indebtedness of $908.25 was contracted in the same manner. The bank, through its cashier and managing officer, had notice of all the foregoing facts as they occurred, and was not misled. The defendant is not estopped from taking advantage of them, and is not indebted to the bank by reason of them.

Judgment affirmed.